## SEVILLE (village) v ZIGLER

Ohio Appeals, 9th Dist, Medina Co

No. 115. Decided Sept 21, 1931

John A. Weber and C. E. McKisson, Medina, for plaintiff in error.

G. W. Smith, Medina, for defendant in error.

PARDEE, PJ.

From our examination of the pleadings, the evidence, and the law applicable thereto, we find that the cause of action submitted to the jury and supported by the evidence is not one of those causes of action intended to be covered by §3714 GC. The plaintiff does not allege any injuries which occurred to him as a traveler or pedestrian upon said street, and there are no allegations in the petition, nor any evidence to support a claim, that the village or its officers supported in any way the activities of the railroad company and its agents in building its tracks in and upon said street. In our opinion the cause of action submitted to the jury was one based entirely upon the claim that the railroad company was occupying said street and interfering with the ingress and egress to plaintiff's said property by placing an additional burden in said street, the damages for which are in the nature of compensation which is allowed in an appropriation proceeding to an adjacent property owner. For such damage the remedy of the adjacent property owner is against the railroad company, under §8765 GC, and not against the city for a liability created by §3714, GC, which requires the municipality and its officers to keep its streets open, in repair and free from nuisance.

See—

Dillenbach v Xenia, 41 Oh St 207.

Steubenville v McGill, 41 Oh St 235.

Zanesville v Fannan, 53 Oh St, 605.

Being unanimously of the opinion that the judgment of the trial court is contrary to law, it is reversed and the cause remanded for further proceedings as provided by law.

WASHBURN and FUNK, JJ, concur.